Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN BOSE, individually, and on all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>COMPUTER COLLECTIONS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1)    Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]**<br>**(2)    Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 et seq.]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(Amount to exceed $25,000)** |

Plaintiff, Kathryn Bose ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1.      This is a class action brought on behalf of all individuals in California who received collection letter from Defendant what did not comply with the requirements of the violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  Ancillary to the aforementioned allegations, Plaintiff also alleges violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

### JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident

of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company which is incorporated in the State of North Carolina.  Plaintiff also seeks damages for each violation of the FDCPA and FDCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper here, because Plaintiff resides and Defendant does business in Los Angeles County.

## **PARTIES**

4.      Plaintiff, Kathryn Bose ("Plaintiff"), is a natural person residing in Los Angeles County in the State of California who allegedly owed or owes a debt and is thereby a "consumer," under the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by *Cal. Civ. §1788.2(h)*.

5.      At all relevant times herein, Defendant, Computer Collections, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff and others which qualifies as a "debt," under the FDCPA, 5 U.S.C. §1692a(5), and a "consumer debt," as defined by *Cal. Civ. §1788.2(c)*.  Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" as defined by the RFDCPA, *Cal. Civ. §1788.2(c)* the FDCPA, 15 U.S.C. §1692(a)6.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     Beginning in or around July of 2015, Defendant began contacting Plaintiff in an attempt to collect an alleged outstanding debt.

9.     On or around August 14, 2015, Defendant sent a letter to Plaintiff.

10.     In Defendant's August 14, 2015 letter Defendant failed to provide the proper notices as required by federal and state law.

11.     In relevant part, the FDCPA states:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (15 U.S.C. §1692(g)(a)).

12.     In addition, in relevant part the RFDCPA states:

third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov." (California Civil Code 1812.700. (a))

13.    Despite these requirements, Defendant failed to include the cited statements as required by the FDCPA and the RFDCPA within the August 14, 2015 letter.

14.    Thus, Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a)  Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)); and,

b)  Failing to provide Plaintiff with the notice required by Cal Civ Code 1812.700 (a).

15.    As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ALLEGATIONS

16.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter the "Class") defined as follows:

All persons in the United States who received collection letters from Defendant within one (1) calendar year from the filing of the instant complaint wherein Defendant did not include the language and notices listed in the statutes.

17.    Specifically excluded from the proposed Class are Defendant; any entities in

which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant.  The Class' claims are based on the FDCPA and the RFDCPA.

18.    This action is brought and may be properly maintained as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

19.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members.  Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

20.    Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether Defendant has a policy of communicating with debtors in connection with the collection of an alleged debt wherein Defendant fails to issue the proper notices;

b.    The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

21.    Plaintiff is asserting claims that are typical of the Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory and actual damages and reasonable attorneys' fees and costs.

22.    Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

23.    A class action is superior to other available methods of fair and efficient

adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

27. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

28. To the extent that Defendant's conduct violated the RFDCPA, such conduct was done knowingly or willfully.

29. As a direct and proximate result of Defendant's violations of *Cal. Civ. § 1788 et*

*seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30*.

30.     The violations of *Cal. Civ. § 1788 et seq.* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT II: VIOLATION OF FEERAL
## FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

31.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1.  That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2.  For statutory damages for Plaintiff and each member of The Class;

3.  For actual damages according to proof;

4.  For reasonable attorneys' fees and costs of suit;

5.  For prejudgment interest at the legal rate; and

6.  For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  February 8, 2016          **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


                                 **s/ Todd M. Friedman**
                                 Todd M. Friedman
                                 Attorneys for Plaintiff